PER CURIAM.[1]
hThe defendant was driving a vehicle, which was pulled over by police pursuant to a traffic stop. The justifications for the traffic stop are not in dispute.
After approaching the driver’s side of the vehicle, an officer requested the defendant’s driver’s license, proof of insurance, and the vehicle’s registration. As the defendant was gathering these items, the officer noticed, in plain view, a crumpled, brown paper bag alongside the defendant. In his experience, the officer has encountered narcotics packaged in such material.
The defendant handed the items the officer had requested to the officer. Before returning to the police car to write a ticket or to use the driver’s license to check for outstanding arrest warrants for the defendant, the officer asked the defendant to hand the crumpled bag to him. The defendant complied. Inside the bag, the officer identified crack cocaine and paraphernalia. The officer placed the defendant under arrest. A search of the vehicle yielded more crack cocaine.
The defendant moved to suppress the drug and paraphernalia evidence and to find no probable cause to support the arrest or the charges brought against him. At the hearing on the motion to suppress, the officer emphatically testified that he |2“asked” the defendant to hand him the bag and did not order or demand the defendant to do so.
The trial court accepted the officer’s version of events, but ruled that inasmuch as the officer had asked the defendant for the bag during a traffic stop in which “the defendant was not free to leave,” as a matter of law “[t]he request to hand over the bag was for all intents and purposes a command.” The trial court then ordered the drug and paraphernalia evidence suppressed and, in the absence of such evidence, found probable cause was lacking.
We find legal error, inasmuch as the circumstances of being “asked” for consent while lawfully detained at a traffic stop were elevated to being the legal equivalent of being “command[ed].” The Supreme Court has ruled that there is nothing unreasonable and, therefore, nothing unconstitutional about police asking for consent to conduct a search during a traffic stop, notwithstanding that the driver may or *415 may not know that consent can be refused. See Ohio v. Robinette, 519 U.S. 33, 39, 117 S.Ct. 417, 136 L.Ed.2d 347 (1996) (reaffirming the Court’s earlier holding in “Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), [in which] it was argued that ... consent [to search] could not be valid unless the defendant knew that he had a right to refuse the request. We rejected this argument.”).
In Robinette, an officer conducted a traffic stop and was about to release the defendant from the stop with only a verbal warning not to drive faster than the posted speed limit. However, before the officer released the defendant, the officer asked: “One question before you get gone: [A]re you carrying any illegal contraband in your car? Any weapons of any kind, drugs, anything like that?” The defendant answered “no,” but the officer asked for consent to search the car and |sthe defendant consented. The search yielded illegal drugs. Robinette, 519 U.S. at 35-36, 117 S.Ct. 417.
The Court in Robinette found no reason to suppress the drug evidence. Comparing a consent search during a traffic stop to a consent search in other contexts of police work, the Court explained that not only is there no requirement to show the defendant knew he could refuse consent, but there is no requirement for police to provide that advice. “[J]ust as it ‘would be thoroughly impractical to impose on the normal consent search the detailed requirements of an effective warning,’ ... so too would it be unrealistic to require police officers to always inform detainees that they are free to go before a consent to search may be deemed voluntary.” Robinette, 519 U.S. at 39-40, 117 S.Ct. 417, quoting Schneckloth, 412 U.S. at 231, 93 S.Ct. 2041.
Accordingly, here the drug and paraphernalia evidence seized after the defendant gave consent to a search during a valid traffic stop should not have been suppressed. The trial court’s order suppressing the evidence and finding no cause is therefore reversed, and this matter is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED; STAY LIFTED.

. Kimball, C.J., did not participate in the deliberation of this per curiam.